
**RECEIVED**
2 /3/09
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| CLARENCE RUDY BROWN | CIVIL ACTION NO. 08-1586 |
| FED. REG. #04173-112 | |
| VS. | SECTION P |
| | JUDGE MINALDI |
| JOSEPH P. YOUNG, WARDEN | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Clarence Rudy Brown, a prisoner in the custody of the Federal Bureau of Prisons (BOP), filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on October 21, 2008. Petitioner, who is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO) complains that despite his eligibility, he has been denied placement in a Residential Re-entry Center (RRC) by FCIO personnel. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust administrative remedies prior to filing his petition.

### Background

Petitioner is an inmate in the custody of the BOP; he is incarcerated at FCIO. In 1995, he was convicted of conspiracy to possess with intent to distribute cocaine base and was sentenced to 252 months imprisonment. On July 25, 2008, the sentencing court granted petitioner's motion for sentence reduction and reduced his sentence to 208 months. Petitioner's projected release date is now April 14, 2010.

On September 17, 2008 petitioner filed a step one Request for Administrative Remedy (BP-9) requesting a twelve-month Residential Re-entry Center (RRC) placement to include six months home confinement. On September 25, 2008, FCIO Warden J.P. Young denied his request noting,

> The Second Chance Act prescribes the maximum amount of time for which inmates are eligible for 12 months pre-release RRC placement which includes up to six months home confinement; however, it is the Bureau of Prisons (BOP) experience that inmates re-entry needs can be usually met with six months or less in a RRC. The Second Chance Act allows staff to consider several factors which includes the resources and ability of the RRC to meet the offender's needs, the need for BOP to manage the inmate population in a responsible manner, and the history and characteristics of the inmate when making placement recommendations. It is the Bureau of Prisons duty to use its limited resources judiciously and to provide re-entry services to as many inmates as possible. Based on your strong family support, community resources, your financial sources, and your history and characteristics, you many not require the service of six months RRC placement. Accordingly, your request is denied.

Doc. 1, at 14. Petitioner was then instructed, "If dissatisfied with this response, you may appeal to the Regional Director . . . ." *Id.* Instead of heeding this advice petitioner filed the instant petition for *habeas corpus* on October 21, 2008.

### Law and Analysis

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the judicial district where he is incarcerated. More specifically, and *apropos* to the instant petition, a prisoner may utilize the provisions of § 2241 to challenge the BOP's refusal to authorize his placement in Residential Re-entry Center (RRC), Community Corrections Center (CCC), or halfway house.[1]

---

[1] See the excellent discussion in *Mihailovich v. Berkebile*, 2007 WL 942091 – an unpublished opinion of the United States District Court for the Northern District of Texas. In that case, a BOP inmate challenged the BOP's denial of placement in a RRC and concluded "as noted in [*Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (5th Cir.

However, such prisoners must first exhaust administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. *See* 28 C.F.R. §§ 542.10-542.19. BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. *Id.* §§ 542.13, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." *Id.* § 542.15(a). When this three-step review process is complete, the federal inmate's claim can be considered exhausted.

Only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," are inmates exempted from the requirement that they exhaust administrative remedies prior to proceeding with a *habeas* action in court. *Fuller*, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). Thus, if a BOP inmate demonstrates an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of

---

2005)], confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC. 432 F.3d at 243-44. In light of [*Sonnier v. Francis*, 217 Fed. Appx. 410 (5th Cir. 2007)], the facts of [*Carson v. Johnson*, 112 F.3d 818 (5th Cir.1997)], and petitioner's lack of recourse, the Court finds that petitioner properly invoked jurisdiction under § 2241."

exhaustion.

Petitioner claims that he "has exhausted the administrative remedy process with respect to the claims raised in the instant petition . . . [a]nd continues to file futile petitions with his unit team to no avail under duress and the extreme weight of threats and retaliation . . . ." Doc. 1, at 2. In support of this claim he provided the copy of the "Administrative Remedy Generalized Retrieval" form dated September 9, 2008. That form establishes that he requested a transfer to a Community Corrections Center in July, August, and October 2006 and that he sought transfer to the Western Region in November 1995 and June 1996. Doc. 1, at 12-13. Otherwise, he provided, as noted above, the Warden's September 25, 2008 response to his BP-9 dated September 17, 2008. Doc. 1, at 14. As shown above, a BOP inmate does not exhaust administrative remedies until such time as he completes the entire 3-step process culminating in the rejection of the BP-11 at the national level. Petitioner's claim – that he exhausted administrative remedies with respect to this issue – is without a basis in fact.

Anticipating that result, petitioner alternatively argues that he should be exempted from the exhaustion requirement because pursuing administrative review would be futile. In support of his claim of futility he argues "administrative remedies would be patently futile and to challenge 28 C.F.R. § 580.21 and P.S. 7310.04 is not possible because BOP has predetermined the issue." He also claims that he "has already exhausted administrative remedies several times and it has been made crystal clear by unit team that his request will be rejected." Doc. 1, at 3.

Petitioner provides merely conclusory allegations to support his claim of futility; he provides no support for his argument and does not carry the burden of persuasion to show futility. He has not shown the extraordinary circumstances necessary for a finding of futility. Here, he establishes at

best that further requests will probably be denied by his local prison unit team.[2] Since it is apparent that he has never utilized the review process at either the Regional or National level he has not shown that such an appeal would prove futile.[3]

Therefore,

IT IS RECOMMENDED THAT the Petition for Writ of *Habeas Corpus* be DENIED and DISMISSED WITHOUT PREJUDICE because petitioner failed to fully exhaust administrative remedies prior to filing suit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

---

[2] Petitioner claims that the BOP has "predetermined" the issue of whether or not he is entitled to the placement he seeks and cites in support of that allegation a published decision of the United States District Court for the Northern District of Texas – *Tischendorf v. Van Buren*, 526 F. Supp. 2d 606 (N.D. Tex. 2007). However, that case clearly does not support his futility argument. The court in *Tischendorf* found exhaustion futile because BOP regulations categorically denied consideration for Community Correction Center placement. In the instant case, it appears that petitioner's request for RRC placement was denied on the basis of fact finding by the Unit Team and the Warden and not on the basis of a BOP regulation. As noted above, petitioner's request was denied as follows: "Based on your strong family support, community resources, your financial sources, and your history and characteristics, you may not require the service of six months RRC placement." Doc. 1, at 14.

[3] Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), *see Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007), the PLRA does not apply to federal *habeas* proceedings. Nothing in *Jones* prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds.

Further, even in cases governed by *Jones* and the PLRA, "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Petitioner's complaint and exhibits make it abundantly clear that he did not complete the BOP administrative remedy procedure prior to filing suit.

Finally, this is exactly the type of dispute that may best be resolved through the administrative review process. "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972)

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Thus done in signed in chambers in Lake Charles, Louisiana February 3, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE